In the Matter of the Claim of HERMAN SCHORLING, Respondent, against EMPIRE PERSONAL LOAN COMPANY, INC., Employer, Appellant, and GLOBE INDEMNITY COMPANY, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 2, 1937.

*Patrick J. McGill*, for the appellant.

*Ireland & Cohen* [*F. A. W. Ireland* of counsel], for the respondent Globe Indemnity Company.

RHODES, J. The Board has found that the work of the claimant at the time of the injury was not a risk covered by the policy of insurance issued by the carrier herein. This determination is questioned by the appellant on this appeal.

The first policy was dated May 4, 1933, and covered the period from then until May 4, 1934, and the second policy was dated May 4, 1934, and covered the period from then until May 4, 1935.

The policy declarations gave the post office address of the employer as 44 Court street, Brooklyn, N. Y., and stated the location of all premises or other work places of the employer to be said 44 Court street, Brooklyn, and that said employer " is

conducting no other business operations at this or any other location not herein disclosed — except as herein stated: Other business operations, if any, not covered hereunder."

Agreement 6 of the policy states: " This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with, or in relation to, such work places."

About nine months after the issuance of the first policy and on January 28, 1934, the employer opened a branch office at Jamaica, Long Island. On April 3, 1934, claimant was hired at and to work out of the Jamaica office to distribute circulars from door to door, advertising the business of the employer. While thus engaged and on April 23, 1934, he fell, sustaining the injuries in question. In his employment he had worked in Kings, Queens and Nassau counties and at the time of the accident was working in Ozone Park near Jamaica, his residence being in Richmond Hill, near Jamaica. The circulars which he was distributing advertised and related to the Brooklyn office and other branch offices as well as the Jamaica office.

The Board has found that all his work was conducted from the Jamaica office and that his salary was not stated or computed in the payroll upon which a premium was paid at the date of the expiration of said policy.

At the time of the accident the office at 44 Court street, Brooklyn and the Jamaica office were branch offices operating from the main or executive offices of the employer at 11 Broadway, New York city.

The employer had men engaged throughout the year in doing the same type of work as that of the claimant, and the operations conducted at the Jamaica office are exactly the same as those conducted at the office at 44 Court street, Brooklyn.

The carrier claims that it had no knowledge that the employer was operating the Jamaica office until after the accident to claimant and the first audit under the policy was made at the end of May, 1934.

The appellant now argues that because the circulars which claimant was distributing advertised all the various offices of the employer, including the office at Brooklyn, the " work place " mentioned in the policy, such work of claimant was necessarily incidental to the business of these other offices to the same extent as the specified Brooklyn office, and that the policy, therefore, covered claimant's employment. The policy, however, expressly covered

only the business of the employer at the Brooklyn office and all operations "incident or appurtenant thereto, or connected therewith." The fact that the circulars which were distributed advertised the business of the other offices did not change the fact that he was operating out of the Jamaica office and that his work was incidental to the business of that office. His activity did not arise out of any employment from the Brooklyn office. While his work advertised the Brooklyn office and to that extent had relation to the business of said office, nevertheless, under the policy, such employment was a business operation of the Jamaica office and not of the Brooklyn office and, therefore, was not covered under the policy. (*Matter of Pettit* v. *Reges*, 242 N. Y. 272.)

The determination so far as appealed from should be affirmed, with costs to the carrier respondent against the employer appellant.

HILL, P. J., MCNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Award affirmed, with costs to the respondent Globe Indemnity Company against the appellant.